UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ARCHIE DUNKLIN, JR.,                                            CIVIL NO. 13-2411 (PJS/JSM)

    Petitioner,

v.                                                                              REPORT AND RECOMMENDATION

DENESE WILSON, Warden,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on the petition for a writ of habeas corpus of petitioner Archie Dunklin, Jr. *See* 28 U.S.C. § 2241; Petition [Docket No. 1]. The Petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Based on that review, this Court recommends dismissal of Dunklin's Petition without prejudice for lack of jurisdiction.

I.    **BACKGROUND**

On December 7, 2004, the United States Attorney's Office filed a superseding indictment against Dunklin in the United States District Court for the Southern District of Illinois charging Dunklin with one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *See United States v. Dunklin*, No. 4:04-CR-40014-JPG-4 (S.D. Ill. filed Mar. 4, 2004). A jury found Dunklin guilty of the charged offense and also found that more than 50 grams of cocaine base was involved in the alleged conspiracy. *Id.* Prior to sentencing, the government filed an information

under 21 U.S.C. § 851 establishing that Dunklin had a prior conviction for a felony drug offense, thereby increasing the statutory minimum sentence for Dunklin's offense of conviction from 10 years of imprisonment to 20 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Then, at sentencing, the trial court determined that Dunklin qualified as a "career offender" under § 4B1.1 of the Sentencing Guidelines, thereby increasing Dunklin's recommended sentence under the Guidelines.[1] Dunklin was sentenced to a 360-month term of imprisonment, and his conviction and sentence were affirmed on appeal. *See United States v. Tolliver*, 454 F.3d 660 (7th Cir. 2006).

After his direct appeal had concluded, Dunklin filed a motion in the Southern District of Illinois to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance by his trial counsel. *See Dunklin v. United States*, No. 3:07-CV-00612-JPG (S.D. Ill. filed Aug. 27, 2007). That motion was denied, and the trial court declined to issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(1)(B). Dunklin nevertheless filed a notice of appeal, but the Seventh Circuit Court of Appeals declined review of the denial of Dunklin's § 2255 motion.

At the commencement of this action, Dunklin was incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. Dunklin is now incarcerated at the Federal Correctional Institution in Ashland, Kentucky.[2] He has petitioned this Court for

---

[1] Dunklin was sentenced several months after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory.

[2] Generally, a court may not consider a habeas petition filed by a prisoner incarcerated in a district other than the district where the court is located. "Once the custodian is properly served," however, a "subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district." *Weeks v. Wyrick*,

habeas relief under § 2241. Dunklin has presented two grounds for relief in his Petition, each based on one of two recent Supreme Court decisions — *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Ground One of the Petition is based on *Alleyne*. In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Dunklin pointed out that his sentence was enhanced by judicial findings under § 851 that he had committed a previous drug felony and under U.S.S.G. § 4B1.1 that he was a career-offender enhancement. *See* Petition at 4. According to Dunklin, these findings should have been made by a jury, not the sentencing judge, and consequently his sentence was unlawful as a result. *Id.*

Ground Two of the Petition is based on *Descamps*. In *Descamps*, the Supreme Court reiterated the approach sentencing courts must take in determining whether an offense previously committed by the defendant is a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and therefore, subjects the defendant to greater statutory penalties.[3] The Supreme Court explained that where a statute of governing the prior conviction is "indivisible" — that is, "one not containing alternative elements" — the sentencing court may not look beyond the elements of the statute itself

---

638 F.2d 690, 692 (8th Cir. 1981). Respondent in this matter was properly served with Dunklin's habeas petition at a time when it was Dunklin's immediate custodian, and the transfer of Dunklin to another district does not, by itself, divest this Court of jurisdiction over Dunklin's petition. *Id.*; *accord White v. Lamanna*, 42 Fed. App'x 670, 671 (6th Cir. 2002).

[3] "The ACCA prescribes a mandatory minimum sentence of 15 years for a person" who is convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and "'has three previous convictions ... for a violent felony or a serious drug offense.'" *Descamps*, 133 S. Ct. at 2282 (quoting 18 U.S.C. § 924(e)(1)).

to determine whether the statute criminalizes only "violent" felonies and thereby subjects the defendant to an enhanced minimum sentence under the ACCA. *Descamps*, 133 S. Ct. at 2281-82. The Court referred to this approach as the "categorical approach." *Id.* at 2281. Conversely, where a statute governing the prior conviction is "divisible" — that is, where a statute sets out the elements of the offense in the alternative — the sentencing court may look beyond the elements of the statute to documents such as indictments and jury instructions to determine whether the offense of conviction was a violent felony. *Id.* This approach is called the "modified categorical approach." *Id.*

Apparently believing that the § 4B1.1 career-offender enhancement equates to the ACCA enhancement discussed in *Descamps*, Dunklin argued that the jury verdict was not based on specific prior convictions to permit the court to conduct a modified categorical approach for § 4B1.1 or 28 U.S.C. § 851 enhancement purposes. Petition at 4. Accordingly, Dunklin argued that his prior Illinois convictions were ineligible for an enhanced sentence under § 4B1.1, violated *Descamps* and as a result, his enhanced sentence was unlawful. *Id.*

In its response, the Government contended that Dunklin could not avail himself of *Alleyne* or *Descamps*, as those cases do not apply retroactively to cases on collateral review. *See* Opposition of the United States to Petition Pursuant to 28 U.S.C. § 2241 [Docket No. 5], pp. 2-5. The Government also argued that § 2241 is an improper vehicle for Dunklin to challenge his conviction and sentence, as that challenge should instead have been brought in a motion under § 2255. *Id.*, p. 6. Finally, the Government asserted that 28 U.S.C. § 2255(h), which places restrictions on the ability of prisoners to bring second or successive motions under § 2255, does not render § 2255 inadequate or

4

ineffective such that Dunklin may challenge his conviction or sentence through a habeas petition. *Id.*, pp. 6-8.

In reply, Dunklin renewed his arguments that his conviction and sentence violated *Alleyne* and *Descamps*. *See* Petitioner's Reply to Respondent's Answer to his Petition ("Pet. Reply") [Docket No. 6], pp. 1-3. Dunklin also contended that this is one of the rare situations in which a federal prisoner may challenge his conviction or sentence through a habeas petition, as § 2255 precludes him from bringing a successful *Alleyne* or *Descamps* challenge. *Id.* Lastly, Dunkin argued that as the statute under which he was convicted, 21 U.S.C. § 841(b)(1)(A), is not a divisible statute with alternative elements, the sentencing court could not use the modified categorical approach permitted by *Descamp*. *Id.* at p. 3.

## II.   ANALYSIS

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy

by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.  If a petitioner failed to raise a claim in a prior § 2255 petition, he may not then present his claim under § 2241 in order to circumvent the limitations on second or successive § 2255 petitions.[4] *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]t can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241 . . . .")).

    Dunklin acknowledged that he is challenging the validity of the sentence imposed in the Southern District of Illinois through his habeas petition.  *See* Pet. Reply, p. 1.  He also acknowledged that, generally speaking, such a challenge must be raised through a motion brought under § 2255 under the exclusive-remedy rule.  *See* Petition, pp. 3-4.  Nevertheless, Dunklin argued that § 2255 is inadequate or ineffective in this case, and urged that this Court consider the merits of his habeas petition.  *See* Pet. Reply, pp. 1-3.

---

[4] An inmate may not bring a second or successive § 2255 petition without authorization by the appropriate United States Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

The United States Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests. Almost invariably, those tests require that, where a petitioner seeks to invoke the savings clause, the petitioner must (among other elements) show that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d at 611 (noting the "obvious" qualification that "the change of law has to have been made retroactive by the Supreme Court" for the savings clause to apply). Moreover, although the Eighth Circuit has not yet set forth a specific test as to when the savings clause should apply, it has made clear that § 2255 cannot be deemed inadequate or ineffective where the new rule from which the petitioner seeks to obtain relief does not apply retroactively. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

The threshold question this Court must address is whether the rules announced in *Alleyne* or *Descamps* apply retroactively. If those cases do not apply retroactively, then Dunklin cannot avail himself of the savings clause, and § 2255 is the exclusive remedy for Dunklin to bring his challenge. And if § 2255 is the exclusive remedy available to Dunklin, this Court lacks jurisdiction over Dunklin's habeas petition.

First, as to *Alleyne*. There is nothing whatsoever in the case law to suggest that *Alleyne* should apply retroactively. Indeed, exactly the opposite is true. "[N]either *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive." *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). There is abundant authority on which this Court can reasonably conclude that the Eighth Circuit would find that *Alleyne* is not retroactive, as *Alleyne* is explicitly an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *see Alleyne*, 133 S. Ct. at 2163, and "the Eighth Circuit has consistently held that *Apprendi* and its progeny are not rules of watershed magnitude and has declined to apply those cases retroactively." *Burton v. Fabian*, 612 F.3d 1003, 1010 n. 4 (8th Cir. 2010). Further, each of the courts to have considered the specific question has found — clearly, consistently, and repeatedly — that *Alleyne* does not have retroactive effect. *See, e.g., United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Willis v. United States*, No. 13-CV-2059 (JNE/JSM), 2014 WL 3384678, at *5 (D. Minn. July 10, 2014).

This Court agrees with the overwhelming consensus on the question of retroactivity and finds that *Alleyne* does not apply retroactively unless and until the Supreme Court declares otherwise. Generally, new rules of law are not retroactive on collateral review unless they fall within one of two narrow exceptions. The rule must either put certain "primary, private individual conduct beyond the power of criminal law-making to proscribe," or it must be a "watershed rule[] of criminal procedure." *Teague v. Lane*, 489 U.S. 288, 311 (1989) (quotation omitted). The rule announced in *Alleyne* does neither. *Alleyne* does not place the conduct for which Dunklin was

convicted — conspiracy to distribute cocaine base — outside the purview of the criminal law; Dunklin's conduct remains just as unlawful today as it was when he was convicted and sentenced. *See* 21 U.S.C. § 841. Nor is *Alleyne* a watershed rule of criminal procedure. It is, as explained above, merely an extension of the Supreme Court's previous holding in *Apprendi*. *See Simpson*, 721 F.3d at 876; *Willis*, 2014 WL 3384678, at *5 (collecting cases). Because *Alleyne* does not apply retroactively, that case cannot justify the invocation of the savings clause.

Second, as to *Descamps.* Although the question has not been confronted as frequently as the application of *Alleyne*, several courts have concluded that the Supreme Court did not make *Descamps* retroactive on collateral review. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, No. 13-11560, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (per curiam); *Whittaker v. Chandler*, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam); *Snyder v. Wilson*, No. 14-CV-2047 (PAM/LIB), 2014 WL 3767845, at *5 (D. Minn. July 31, 2014). Dunklin cited no authority for the proposition that *Descamps* applies retroactively, and this Court has discovered no such case. In fact, Dunklin offers no substantive argument whatsoever that *Descamps* (or, for that matter, *Alleyne*) applies retroactively to cases on collateral review.

This Court once more follows suit with those courts that have considered *Descamps* in finding that it does not apply retroactively. As an initial matter, it is doubtful that *Descamps* announced a "new" rule at all. *See United States v. Montes*, No. 14-2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) ("[T]he *Descamps* decision did not recognize a new right. . . . The *Descamps* opinion simply applied existing

doctrine."). Consequently, this Court is reluctant to find that *Descamps* announced a "watershed" rule. In short, "there is no conceivable basis upon which *Descamps* could meet the retroactivity test set forth in *Teague v. Lane*." See *United States v. McGee*, No. H-04-067-1, 2014 WL 2434186, at *3 (S.D. Tex. May 27, 2014) (citation omitted).

Because neither *Alleyne* nor *Descamps* applies retroactively, Dunklin cannot cite those cases as a rationale for seeking habeas relief under the savings clause. Therefore, this Court lacks jurisdiction over Dunklin's habeas petition under the exclusive-remedy rule. See *DeSimone*, 805 F.2d at 323.

The only remaining question is whether Dunklin's Petition should be dismissed without prejudice or instead transferred to a court with jurisdiction to determine whether Dunklin's claims are meritorious. In some cases, a habeas petition that is barred by the exclusive-remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so that the prisoner's claims can be addressed on the merits there. Nevertheless, this Court recommends dismissal rather than transfer of Dunklin's habeas petition, as Dunklin's claims clearly lack merit.

As an initial matter, the non-retroactivity of *Alleyne* and *Descamps* acts both as a jurisdictional bar to invoking the savings clause *and* as a reason for denying Dunklin's claims on the merits if that jurisdictional bar had not existed. Regardless of the procedural vehicle used by Dunklin for challenging this conviction or sentence, Dunklin cannot take advantage of rules that do not apply retroactively to cases on collateral review.

Even leaving that aside, Dunklin's invocations of *Alleyne* and *Descamps* are wide of the mark. First, Dunklin's challenge under *Alleyne* was premised on the incorrect

presumption that the sentencing court could not made the factual determination that he had been convicted of previous felony drug offenses, thereby increasing his statutory-minimum sentence to 20 years' imprisonment, see 18 U.S.C. §§ 841(b)(1)(A) and 851, and the sentencing range recommended by the Sentencing Guidelines to 360 months' imprisonment to life, see U.S.S.G. § 4B1.1.  Dunklin believed these findings by the sentencing court violated the holding of *Alleyne* that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."  *Alleyne*, 133 S. Ct. at 2155.  But "*Alleyne's* statement that facts increasing a mandatory minimum sentence are elements to be submitted to the jury did not overrule the [Supreme Court's] prior holding . . . *that a prior conviction is not an element of an offense*" and thus may be found by a judge instead of a jury.  *United States v. Rucker*, 545 Fed. App'x 567, 573 (8th Cir. 2013) (per curiam) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998)) (internal citations omitted) (emphasis added).  Dunklin's arguments under *Alleyne* are squarely foreclosed by *Almendarez-Torres*.[5]

Second, *Descamps* does not have any relevance to Dunklin's conviction or sentence.  *Descamps* concerned the approach that should be employed by the sentencing court to determine whether a defendant's *prior conviction* qualified as a "violent felony" under the ACCA.   Dunklin was not charged or convicted under the ACCA. His sentence was increased under 21 U.S.C. § 841(b)(1)(A) because he had been convicted of a prior drug felony, and because he was deemed to be a career offender

---

[5]   The Court also notes Dunklin did not dispute that he did commit the previous drug offenses that triggered the higher statutory minimum sentence and Guidelines-recommended sentence in his case.

under § 4B1.1 of the Sentencing Guidelines which allowed for an even longer sentence. And like the ACCA, § 4B1.1 provides for longer sentences in cases in which the defendant has at least two prior felony convictions for "crime[s] of violence" or "controlled substance offense[s]" and commits another of those offenses.[6]

Dunklin did not contend that his *previous* drug convictions were not qualifying offenses under 21 U.S.C. § 841(b)(1)(A) or § 4B1.1.[7]  Instead, Dunklin maintained that his *offense of conviction — i.e.*, possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 — should not have qualified for the career-offender enhancement.[8]  This is plainly incorrect.  *See* U.S.S.G. § 4B1.2(b) (defining "controlled substance offense" as a federal or state offense "punishable by imprisonment for a term exceeding one year" that prohibits "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.").  The fact that the sentencing judge, rather than a jury, determined that the *offense of conviction* was a "controlled substance offense" is irrelevant to *Descamps*.  *Descamps* expressly

---

[6]  "Crime of violence" in the context of § 4B1.1 is substantially similar to "violent felony" in the context of the ACCA.  *See Roberts v. Holder*, 745 F.3d 928, 930 (8th Cir. 2014).

[7]  In fact, Dunklin does not even mention in his Petition the statutes he was previously convicted of violating; he states only that his record contains "prior Illinois convictions."  Petition at 4.

[8]  Dunklin stated in his Petition that his "prior Illinois convictions are ineligible for § 4B1.1 purposes."  Petition at 4.  But the reason those prior convictions are ineligible, according to Dunklin, is not because those prior convictions were not for crimes of violence or controlled-substance offenses, but because the jury did not determine the fact of these convictions.  This is simply the *Alleyne* dressed in different garb, and it is equally ineffectual when presented putatively as a claim under *Descamps*.

concerns the approach that the sentencing judge should use in determining whether a defendant's sentence is subject to an enhancement due to *prior convictions.*

Finally, to the extent that Dunklin argued that the jury should have found that his previous drug offenses were crimes of violence or controlled-substance offenses, this is simply a reframing of his argument under *Alleyne* that the jury found insufficient facts regarding his previous convictions to justify enhancing his sentence. Again, however, *Almendarez-Torres* forecloses this argument. *Descamps* expressly contemplates that the sentencing judge, not a jury, will determine whether a previous conviction is eligible for enhancement.

Because the claims raised in Dunklin's Petition are non-meritorious, this Court recommends that his Petition not be construed as a motion under § 2255 and transferred to the Southern District of Illinois (or, for that matter, to the Seventh Circuit for consideration pursuant to § 2255(h) as a second or successive motion under § 2255). Instead, as discussed, this Court recommends that Dunklin's Petition be dismissed without prejudice for lack of jurisdiction.

### III.    RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Archie Dunklin, Jr. [Docket No. 1] be DENIED.

2. This case be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: October 3, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 17, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.